```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

JEANETTE C. YOUNG, et al.,    }
                              }
    Plaintiffs,               }
                              }
v.                            }    CIVIL ACTION NO.
                              }    03-AR-1006-S
                              }
DONALD J. ROYAL, et al.,      }
                              }
    Defendants.               }

### MEMORANDUM OPINION

The court has for consideration a motion to remand filed by plaintiffs, Jeanette C. Young and Parker A. Young ("the Youngs"). The case was removed to this court from the Circuit Court of Jefferson County, Alabama, by one of the two defendants, American Red Cross ("Red Cross"), which, as the basis for the removal, relied exclusively upon 36 U.S.C. § 2, as interpreted by the Supreme Court in *American National Red Cross v. S.G. and A.E.*, 505 U.S. 247, 112 S. Ct. 2465 (1992). For good reason, there was no reliance by Red Cross upon complete diversity of citizenship or the existence of a federal question.

The case arises from a traffic accident involving a Red Cross vehicle driven by the other defendant, Donald J. Royal ("Royal"), who has not been served and has not joined in the removal. For aught appearing, Royal would prefer to defend in the state court where the case was filed.

Either the entire case was removed, including the action as against Royal, through whom plaintiffs seek *respondeat superior* liability against the removing defendant, Red Cross, or the case was not removed at all. See *Maseda v. Honda Motor Company, Ltd*, 861 F. 2d 1248, 1252 (11th Cir. 1988). The question, then, is whether this court can expand the 5 to 4



decision in *American National Red Cross* to create jurisdiction in this court over a simple tort action brought by a citizen of Alabama against another citizen of Alabama.

It would make little sense to sever the claim against the agent, Royal, and remand it to the only court of competent jurisdiction over it while retaining jurisdiction over the same tort action against Red Cross, Royal's employer and principal. A race to judgment in competing courts would not only constitute a waste of precious judicial resources, but would likely create confusion and a potential *res judicata* defense to the second-tried case. The idea of a severance and partial remand is intolerable in light of the circumstances of two defendants in the same traffic accident, and the principle that subject matter jurisdiction is always given strict scrutiny in removal cases. Nothing in *American National Red Cross* suggests that a majority of today's Supreme Court would open the narrow window recognized by that Court in 1992 to the removal of an otherwise unremovable case on some expansive supplementary jurisdiction theory like that advocated by the Red Cross here.

A separate order of remand will be entered.

DONE this 28th day of May, 2003.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE